The Honorable Arthur Carter State Representative 301 Mountain Street Berryville, AR 72616-3015
Dear Representative Carter:
This is in response to your request for an opinion regarding security officers for large real estate subdivisions. You note that some subdivisions have a deputy sheriff assigned exclusively to them. The deputy receives a salary and expenses from the subdivision. The deputy responds to calls within the subdivision and to calls outside the subdivision when he is the closest officer.
You have asked whether this is legal. Your concern focuses upon assuring impartiality, in the event a dispute arises between someone living in the subdivision and someone outside, in light of the fact that the subdivision pays him a salary. You state that ". . . logic dictates that the Deputy's first allegiance would be to the subdivision resident who pays his salary. No matter how impartial the Deputy may be, the person living outside the subdivision cannot help but question the Sheriff's loyalties." You have asked whether you are correct in feeling that a deputy in that situation should not be allowed in law enforcement involving those paying his wages and those not directly paying his wages.
It must be initially noted that the Arkansas General Assembly has specifically authorized the employment of deputy sheriffs as security officers for property owners' associations and suburban improvement districts. Arkansas Code of 1987 Annotated §14-15-503, which outlines the powers of deputies, states in pertinent part:
 (a) Every deputy sheriff appointed as provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff.
 (b) Deputy sheriffs are authorized to make arrests for misdemeanor offenses and felony offenses and exercise all other powers as deputy sheriffs while in the course of their employment for planned community property owners' associations or subdivision improvement districts.
The above provisions reflect the codification of, inter alia,
Act 237 of 1977, Section 3 (the emergency clause) of which states:
 It is hereby found and determined by the General Assembly of the State of Arkansas that due to the increase in crime rate, especially in suburban areas, it is necessary to expand the authority of deputy sheriffs to provide more adequate protection to the citizens of this State, and that crime protection can be afforded planned communities by their employment of deputy sheriffs as security officers. . . . .[1]
The Arkansas General Assembly has thus clearly expanded the authority of deputy sheriffs to include the exercise of existing law enforcement powers while in the employ of property owners' associations or suburban improvement districts. It appears that this authority is in addition to the exercise of powers and duties "required by law to be performed by the sheriff." A.C.A. §14-15-503(a).[2] We cannot conclude, in the absence of legislation to this effect, that a deputy sheriff lacks law enforcement powers in a situation involving disputes between persons residing inside and those outside of a planned community or improvement district.[3] We are not aware of any exception based upon the possible impartiality of the deputy. We can only suggest that questions and concerns in this regard are properly addressed to the General Assembly.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The provision for suburban improvement districts was added by Act 561 of 1985.
[2] The sheriff is a "conservator of the peace in his county and shall cause all offenders against the laws of this state, in his view or hearing, to enter into recognizance to keep the peace and appear at the next term of the circuit court of the county and, on the failure of the offender to enter into recognizance, to commit him to jail. A.C.A. § 14-15-501(a).
[3] We assume that the dispute arises within the county, and thus within the Sheriff's jurisdiction.